UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1563-JGB (KKx) | Date: | July 5, 2018 |

Title: *Daniel Jang v. Sagicor Life Insurance Company, et al.*

---

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Denying Ex Parte Application Without Prejudice [Dkt. 58]

On July 2, 2018, Plaintiff Daniel Jang ("Plaintiff") filed an Ex Parte Application "for an Order Changing Deposition Dates of Doctor and Medical Facility Currently Scheduled Dates of July 23-25 to July 25-27 or Other Plaintiff's Counsel Available Dates" ("Application"). Dkt. 58. On July 3, 2018, Defendant Life Insurance Company of the Southwest ("Defendant") filed an Opposition. Dkt. 59.

"The purpose of . . . the ex parte motion papers is to establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). As a general matter, unlike regularly noticed motions, applications for ex parte relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced." Id. at 490. The opposing party "can rarely make its best presentation" on the short notice accompanying an ex parte application. Id. at 491. Hence, to justify use of ex parte procedures, a party seeking ex parte relief must show: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492.

Here, Plaintiff appears to be seeking a protective order pursuant to Federal Rule of Civil Procedure 26. However, it does not appear the parties have finished meeting and conferring

regarding scheduling the deposition dates for non-party witness Loma Linda University Medical Center.  If Defendant insists on taking depositions on a date that Plaintiff's counsel has timely given notice he will be unavailable, ex parte relief may be appropriate.  However, Plaintiff's insistence on running to Court without allowing a reasonable opportunity to meet and confer renders the instant "crisis" of his own making.  Hence, Plaintiff's Application is DENIED without prejudice.

      **IT IS SO ORDERED.**