UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-1563-JGB-KKx** | Date: | September 10, 2018 |
| Title: | *Daniel Jang v. Sagicor Life Insurance Company, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order (1) Denying Plaintiff's Motions to Compel [Dkts. 54, 56, 57, 67, 68, 69, 72, 73, 84, 85, 86, 91, 92]; and (2) Granting Defendants' Motion for Protective Order [Dkt. 78]**

## I.
## INTRODUCTION

Plaintiff Daniel Jang ("Plaintiff") has filed thirteen Motions to Compel Defendants National Life Group ("NLG"), National Life Holding Company ("NLH"), NLV Financial Corporation ("NLV Financial"), National Life Insurance Company ("National Life"), Sagicor Financial Corporation Limited ("Sagicor Financial"), Sagicor Life, Inc. ("Sagicor Life"), and Sagicor USA to produce supplemental responses to Interrogatories, Nos. 1-21, Requests for Production, Nos. 1-20, and Requests for Admission 1-24. The parties filed supplemental briefs pursuant to Local Rule 37-2. Plaintiff seeks an award of attorney's fees incurred in bringing the Motions to Compel and Defendants seek an award of attorney's fees incurred in opposing the Motions to Compel.

In addition, Defendants filed a Motion for Protective Order. The parties filed supplemental briefs pursuant to Local Rule 37-2.

The matters thus stand submitted.

For the reasons set forth below, the Court denies Plaintiff's Motions to Compel, grants the Defendants' Motion for Protective Order, denies Plaintiff's requests for attorney's fees, and grants Defendants' requests for attorneys' fees in the sum of $54,390.00.

# II.
# RELEVANT BACKGROUND

On June 13, 2017, Plaintiff filed two actions against Sagicor Life Insurance Company ("SLIC"), Sagicor Life, Sagicor Financial, Life Insurance Company of the Southwest ("LSW"), and NLG. The actions arise out of allegations of bad faith rescission of life insurance policies. Specifically, Plaintiff alleges Defendants LSW and SLIC unlawfully rescinded Plaintiff's father's life insurance policies on the basis he had failed to disclose on his life insurance applications that he had just been diagnosed and treated for cancer when his father had not been diagnosed with or treated for cancer prior to applying for the life insurance policies.

In addition to Defendants LSW and SLIC who issued the life insurance policies at issue, Plaintiff has named the following non-issuing defendants in the operative complaints:[1]

(a) National Life, an insurance company which is a wholly-owned subsidiary of NLH;
(b) NLV Financial, a wholly owned subsidiary of NLH which does not issue insurance policies;
(c) NLH, which does not issue insurance policies;
(d) NLG, a trade name under which LSW and National Life do business;
(e) Sagicor Financial, a publicly traded company;
(f) Sagicor USA, which is owned by Sagicor Financial and owns SLIC; and,
(g) Sagicor Life, which is owned by Sagicor Financial.

These non-issuing defendants did not issue the insurance policies to Plaintiff's father, did not review or evaluate Plaintiff's claim for benefits, and did not rescind the policies. See, e.g., Dkt. 56-8, Declaration of Christopher Zimmerman; Dkt. 73-6, Declaration of Jeffrey Farrow, ¶ 21.

On August 3, 2017, the Sagicor Defendants removed the action against them to this Court. Dkt. 1. On August 7, 2017, the National Defendants removed the action against them to this Court. EDCV 17-1585-JGB-KKx, Dkt. 1. On November 9, 2017, the cases against the National and Sagicor Defendants were consolidated under the lead case number, EDCV 17-1563-JGB-KKx. Dkt. 42.

On November 27, 2017, the National Defendants filed an Answer. Dkt. 36. On December 13, 2017, the Sagicor Defendants filed an Answer. Dkt. 37.

On March 5, 2018, the Court held a scheduling conference and set a discovery cut-off of October 29, 2018 and a jury trial for March 5, 2019. Dkts. 39, 40.

On March 21, 2018, Plaintiff served nearly identical Interrogatories, Requests for Admission, and Requests for Production on each Defendant. On April 23, 2018, the National Defendants served responses. On April 27, 2018, the Sagicor Defendants served responses.

---

[1] The Court herein refers to LSW, National Life, NLV Financial, NLH, and NLG collectively as the National Defendants. The Court herein refers to SLIC, Sagicor Financial, Sagicor USA, and Sagicor Life collectively as the Sagicor Defendants.

On May 8, 2018, Plaintiff's counsel met and conferred in person with counsel for the National Defendants regarding alleged deficiencies in their discovery responses, but were unable to reach any agreements.

On May 15, 2018, Plaintiff's counsel met and conferred telephonically with counsel for the Sagicor Defendants regarding alleged deficiencies in their discovery responses. During that phone call, Plaintiff's counsel called the Sagicor Defendants' counsel "stupid" and a "stupid lawyer." See, e.g., Dkt. 72-6 at ¶¶ 11-14, Ex. J. Nevertheless, the Sagicor Defendants agreed to provide further responses, which they later did.

From June 18, 2018 through August 2, 2018, Plaintiff filed thirteen Motions to Compel further responses to each discovery request from each of the non-issuing defendants. Ten of the thirteen motions were filed by Joint Stipulation in compliance with Local Rule 37-2. However, regarding three motions – (a) motion to compel further responses all discovery requests from defendant NLG; (b) motion to compel further responses to requests for production from Sagicor Financial; and (c) motion to compel further responses to interrogatories from Sagicor Financial – Plaintiff failed to properly integrate the defendant's portion of the Joint Stipulation and altered his portion of the Joint Stipulation to add argument and evidence prior to filing. Defendants' counsel, therefore, declined to sign and return the document for filing. See Dkts. 54, 68, 69.

## III.
## DISCUSSION

### A. MEET AND CONFER

"Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." L.R. 37-1. "The failure of any counsel to comply with or cooperate in [the pre-filing conference of counsel or joint stipulation] procedures may result in the imposition of sanctions." L.R. 37-4; see also L.R. 83-7 ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to . . . [any] sanctions the Court may deem appropriate under the circumstances.").

Here, Plaintiff's failure to meet and confer in good faith is evidenced by counsel's refusal to accept Defendants' responses that they have no further information and insistence on proceeding with attempts to compel further responses to every discovery request. Additionally, Plaintiff's counsel failed to meaningfully participate in meet and confer efforts by engaging in unprofessional and abusive behavior, including calling Defendants' counsel "stupid." There is no situation in which name calling is appropriate between lawyers. Plaintiff's counsel's failure to meaningfully participate in meet and confer efforts is sufficient grounds on its own to deny Plaintiff's Motions to Compel. L.R. 37-4. Hence, Plaintiff's counsel's failure to comply with Local Rule 37-1 warrants declining to consider Plaintiff's motions.

### B. PREPARATION OF JOINT STIPULATIONS

Following the meet and confer conference of counsel, the moving party may proceed with a motion to compel by delivering to the opposing party the moving party's portion of the joint stipulation, "together with all declarations and exhibits to be offered in support of the moving

party's position." L.R. 37-2.2.  The opposing party then delivers to the moving party the opposing party's portion of the joint stipulation.  Id.  "After the opposing party's material is added to the stipulation by the moving party's counsel, the stipulation shall be provided to opposing counsel, who shall sign it (electronically or otherwise) and return it to counsel for the moving party no later than the end of the next business day, so that it can be filed with the notice of motion."  Id.  "The Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel . . . refused to sign and return the joint stipulation after the opposing party's portion was added."  L.R. 37-2.4.

Here, with respect to Plaintiff's Motions to Compel further responses to all discovery from NLG and further responses to requests for production and interrogatories from Sagicor Financial, Plaintiff failed to comply with Local Rule 37-2.2 by adding argument and evidence to Plaintiff's portion of the joint stipulations after receiving Defendants' portions.  Plaintiff's counsel's blatant disregard for the local rules regarding preparation of a Joint Stipulation is not justified by his failure to adequately familiarize himself with the Local Rules.  Plaintiff's attempts to add argument and evidence after receiving Defendants' portions of three of the joint stipulations was sufficient justification for Defendants' counsel to refuse to sign and return the joint stipulations for filing.  Hence, Plaintiff's failure to comply with Local Rule 37-2.2 warrants declining to consider Plaintiff's Motions to Compel further responses to all discovery from NLG, or further responses to requests for production or interrogatories from Sagicor Financial.  L.R. 37-2.4.

**C.    PROPORTIONALITY**

"The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  Fed. R. Civ. P. 26 advisory committee notes (2015 amendments).  Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016) (noting there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts").  Moreover, "Rule 1 . . . emphasize[s] that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way."  Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

> Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding: any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable."  Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

Here, Plaintiff has not met his burden of showing Defendants' responses are inadequate or their objections lack merit. First, it appears Defendants have substantially responded to Plaintiff's requests. Defendants' response to the majority of Plaintiff's requests states they are "unable to supply any further information" because they did not issue the subject life insurance policies. It is, therefore, unclear to the Court what further information Plaintiff could reasonably obtain from the non-issuing Defendants. Second, further discovery from Defendants who were not involved in issuing the insurance policies, reviewing Plaintiff's claim for benefits, or rescinding the policies is disproportionate to the needs to the case at this time. Fed. R. Civ. P. 26(b)(1); see also Centeno, 2016 WL 7491634, at *4.

### D. PROTECTIVE ORDER

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7, 98 S. Ct. 1306, 55 L.Ed.2d 570 (1978). However, "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). A court may grant a protective order to seal documents during discovery if "'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Id. at 1179-80.

Defendants seek a general protective order to facilitate exchange of confidential and proprietary information. Plaintiff opposes Defendants' request and argues the confidentiality of each document Defendants have offered to disclose should be litigated before this Court. Plaintiff's request for a time-consuming process whereby each document is analyzed and examined by the Court is both inefficient and absurd. A protective order will facilitate the exchange of information between the parties and the parties can litigate whether documents that actually need to be filed with the Court should remain under seal if and when there are any such documents. Hence, the Court finds good cause for entry of a protective order as requested by Defendants.

### E. REASONABLE EXPENSES

#### 1. Applicable Law

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), if a discovery motion is denied, "the court . . . *must*, after giving an opportunity to be heard, require the movant, the attorney filing the

motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

When an award of attorney's fees is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

**2.      Analysis**

Here, Plaintiff's Motions to Compel were denied in their entirety, and the Court found they were not substantially justified. Hence, Defendants' requests for an award of reasonable costs and expenses incurred in opposing the Motions to Compel is granted.

NLG seeks an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the NLG Motion to Compel in the sum of $14,700.00. Dkt. 54-1 at 367. Counsel for the National Defendants spent over 42 hours to prepare a 65-page response, including declarations, to Plaintiff's motion to compel further responses to all 65 discovery requests at a rate of $350 per hour. Dkt. 54-10 at ¶ 17.

NLH and NLV Financial seek an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the NLH and NLV Financial Motions to Compel in the sum of $14,350.00. Dkt. 56-1 at 398; Dkt. 57-1 at 396. In preparing NLH's and NLV Financial's oppositions, Counsel for the National Defendants spent over 42 hours preparing both the approximately 110-page response to Plaintiff's motions to compel further responses to all 65 discovery requests. Dkt. 56-7 at ¶ 17; Dkt. 57-7 at ¶ 17.

National Life seeks an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the National Life Motion to Compel in the sum of $3,500.00. Dkt. 67-1 at 399. Counsel for the National Defendants spent only 10 hours preparing the approximately 110-page response to Plaintiff's motion to compel further responses to all 65 discovery requests. Dkt. 67-8 at ¶ 17.

Sagicor Financial seeks an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the Sagicor Financial RFP Motion to Compel in the sum of $7,280.00. Dkt. 68-1 at 167. Counsel for the Sagicor Defendants spent approximately 13 hours preparing Sagicor Financial's response to the first motion to compel directed at the Sagicor Defendants at a rate of $560 per hour. Dkt. 68-9 at ¶ 22. Sagicor Financial seeks an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the Sagicor Financial ROG Motion to Compel in the sum of $1,680.00. Dkt. 69-1 at 151. Counsel for the Sagicor Defendants spent only 4 hours preparing this response. Dkt. 69-9 at ¶ 22. Sagicor Financial seeks an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the Sagicor Financial RFA Motion to Compel in the sum of $5,040.00. Dkt. 72-1 at 151.

Counsel for the Sagicor Defendants spent 9 hours preparing this response and was able to limit his hours due to the similarity of the RFA Motion to Compel to the prior two motions directed toward the same defendant. Dkt. 72-6 at ¶ 23.

Sagicor Life seeks an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the Sagicor Life RFP Motion to Compel in the sum of $1,400.00. Dkt. 73-1 at 215. Counsel for the Sagicor Defendants spent only 2.5 hours preparing this response. Dkt. 73-6 at ¶ 23. Sagicor Life seeks an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the Sagicor Life ROG Motion to Compel in the sum of $1,120.00. Dkt. 84-1 at 198. Counsel for the Sagicor Defendants spent only 2 hours preparing this response. Dkt. 84-6 at ¶ 22. Sagicor Life seeks an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the Sagicor Life RFA Motion to Compel in the sum of $1,400.00. Dkt. 85-1 at 180. Counsel for the Sagicor Defendants spent only 2.5 hours preparing this response. Dkt. 85-6 at ¶ 23.

Sagicor USA seeks an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the Sagicor USA RFP Motion to Compel in the sum of $1,400.00. Dkt. 86-1 at 205. Counsel for the Sagicor Defendants spent only 2.5 hours preparing this response. Dkt. 86-6 at ¶ 23. Sagicor USA seeks an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the Sagicor USA ROG Motion to Compel in the sum of $1,120.00. Dkt. 91-1 at 198. Counsel for the Sagicor Defendants spent only 2 hours preparing this response. Dkt. 91-6 at ¶ 22. Sagicor USA seeks an award of attorney's fees jointly and severally against Plaintiff and his counsel incurred in opposing the Sagicor USA RFA Motion to Compel in the sum of $1,400.00. Dkt. 92-1 at 180. Counsel for the Sagicor Defendants spent only 2.5 hours preparing this response. Dkt. 92-6 at ¶ 23.

The Court finds Defendants' counsel's rates and hours spent are reasonable. The amount of time Defendants' counsel spent opposing each motion was supported by detailed declarations explaining how they attempted to respond efficiently to Plaintiff's voluminous motions and why certain motions required more time than others. Therefore, Defendants' requests for an award of attorney's fees is granted.

## IV.
## ORDER

Based upon the foregoing reasons:

1. Plaintiff's Motions to Compel are DENIED.

2. Defendants' Motion for Protective Order is GRANTED. The Court will concurrently issue a protective order in a form substantially similar to the sample protective order on the Court's Judicial Procedures webpage.

3. **Within thirty (30) days of the date of this Order,** Plaintiff and his counsel jointly and severally shall pay the sums requested above to each Defendant for a total award in the sum of

$54,390.00 as reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).[2]

    4. In light of the amount of unnecessary litigation that has occurred in this case, and in order to facilitate the just and expedient resolution of discovery matters and to conserve the parties' and Court's resources, the Court now requires the parties to follow the following procedure for filing discovery motions.

    a. First, as Local Civil Rule 37-1 requires, the parties must meet and confer in an attempt to resolve any discovery dispute.

    b. Once the parties have determined that they have reached an impasse, within twenty-four hours of the last conference, or as soon thereafter as practical, the movant must e-mail KK_chambers@cacd.uscourts.gov, seeking a telephone conference with the Court to discuss the discovery dispute. The e-mail must include (1) at least three proposed dates mutually agreed upon by the parties for the telephone conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must cc: opposing counsel on the e-mail.

    c. Discovery Motion(s) shall not be filed with the Court until the Court has conducted its pre-motion telephonic conference unless the movant seeks leave of Court by filing an ex parte application. The Court may strike any discovery motion filed in violation of this Order.

---

[2] The Court cautions the parties that sanctions are generally mandatory where a motion to compel is granted, or denied in its entirety. Fed. R. Civ. P. 37(a)(5)(A) and (B). Additionally, sanctions are available when the parties fail to adequately comply with the applicable Local Rules (e.g., Local Rule 37-1's requirement of an adequate pre-filing conference of counsel). Local Rule 37-4.