UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-1563-JGB (KKx)** | Date: | January 3, 2019 |
| Title: | *Daniel Jang v. Sagicor Life Insurance Company, et al.* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendants(s): |
|---|---|
| none | none |

**Proceedings:** (In Chambers) Order

On December 21, 2018, Defendants[1] filed a Motion to Bar Kevin H. Jang ("Plaintiff's counsel") from Testifying at Trial and to Compel Plaintiff Daniel Jang ("Plaintiff") to Produce Documents ("Motion").[2] ECF Docket No. ("Dkt.") 157, Motion; Dkt. 158, Joinder. On December 26, 2018, Plaintiff filed an Opposition. Dkt. 159. For the reasons set forth below, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

**A. BACKGROUND**

On June 13, 2017, Plaintiff initiated the instant action by filing two cases in state court alleging bad faith rescission of life insurance policies. On August 3, 2017, the Sagicor Defendants removed the action against them to this Court. Dkt. 1. On August 7, 2017, the National Defendants removed the action against them to this Court. EDCV 17-1585-JGB-KKx, Dkt. 1. On November 9, 2017, the cases against the National and Sagicor Defendants were consolidated under the lead case number, EDCV 17-1563-JGB-KKx. Dkt. 42.

---

[1] The Court herein refers to Life Insurance Company of the Southwest ("LSW"), National Life Group ("NLG"), National Life Holding Company ("NLH"), NLV Financial Corporation ("NLV Financial"), National Life Insurance Company ("National Life") collectively as the "National Defendants." The Court herein refers to Sagicor Life Insurance Company ("SLIC"), Sagicor Financial Corporation Limited ("Sagicor Financial"), Sagicor Life, Inc. ("Sagicor Life"), and Sagicor USA collectively as the "Sagicor Defendants." The National Defendants and Sagicor Defendants are collectively referred to herein as "Defendants."

[2] The Court authorized expedited briefing on Defendants' Motion after receiving e-mail correspondence requesting a telephonic conference. See Dkt. 156.

On November 27, 2017, the National Defendants filed an Answer. Dkt. 36. On December 13, 2017, the Sagicor Defendants filed an Answer. Dkt. 37.

On February 26, 2018, the parties exchanged initial disclosures. Declaration of Jeffrey D. Farrow ("Farrow Decl."), Exs. A, B; Declaration of Kevin H. Jang ("Jang Decl."), Exs. D, E.

On March 5, 2018, the Court held a scheduling conference and set a discovery cut-off of October 29, 2018 and a jury trial for March 5, 2019. Dkts. 39, 40.

On September 18, 2018, the Court granted in part Plaintiff's application to amend the Scheduling Order and continued the discovery cut-off to December 31, 2018 and the jury trial to May 7, 2019. Dkt. 115.

## B. DEPOSITION OF PLAINTIFF'S COUNSEL, KEVIN H. JANG

### 1. Additional Background

During the weekend of November 17-18, 2018, while at Plaintiff's court-ordered deposition, Plaintiff's counsel informed Defendants' counsel for the first time that he intended to testify at trial. Farrow Decl., ¶ 3.

On December 4, 2018, Defendants personally served Plaintiff's counsel with a Subpoena to testify at a deposition ("Subpoena") on December 21, 2018. Farrow Decl., ¶ 6, Ex. D.

On December 17, 2018, Plaintiff's counsel served written Objections to the Subpoena. Jang Decl., ¶ 16, Ex. H. Plaintiff's counsel objected to the deposition on the grounds that (a) the date and time of the deposition was set unilaterally by Defendants' counsel and (b) the Subpoena is "overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific." Id.

On December 18, 2018, Plaintiff served Supplemental Initial Disclosures in which Plaintiff identified his counsel as a potential fact witness. Farrow Decl., ¶ 13, Ex. J.

On December 21, 2018, Plaintiff's counsel did not appear for his deposition. Farrow Decl., ¶ 16.

On December 21, 2018, Defendants filed the instant Motion seeking to bar the testimony of Plaintiff's counsel at trial. Dkts. 157, 158. Defendants argue Plaintiff's counsel failed to appear for his properly noticed deposition without filing a motion for protective order. Dkt. 157 at 11. On December 26, 2018, Plaintiff filed an Opposition explaining he had served written Objections to the Subpoena pursuant to Federal Rule of Civil Procedure 45. Dkt. 159.

### 2. Discussion

Pursuant to Federal Rule of Civil Procedure 45, a non-party need only serve written Objections and is not obligated to file a motion for protective order prior to non-appearance at a deposition. See Fed. R. Civ. P. 45. Therefore, the Court construes Defendants' Motion to bar the testimony of Plaintiff's counsel as a motion to compel him to testify at deposition.

First, Plaintiff's counsel's boilerplate objections are meritless. A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections."). Hence, Plaintiff's counsel's objections are OVERRULED.

Plaintiff also appears to argue Defendants' delay in seeking to depose Plaintiff's counsel was unreasonable. Dkt. 159 at 9. Plaintiff does not dispute, however, that he did not list Plaintiff's counsel in his original initial disclosures. Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiff had a duty to supplement his initial disclosures within a "timely manner." Despite this, Plaintiff did not identify Plaintiff's counsel in supplemental initial disclosures until December 17, 2018 – thirteen days after Defendants personally served Plaintiff's counsel with a subpoena to testify at a deposition in response to Plaintiff's counsel's comments during Plaintiff's deposition on November 17-18, 2018. The Court, thus, finds Defendants timely sought Plaintiff's counsel's deposition shortly after learning, for the first time, that Plaintiff intended to call Plaintiff's counsel as a witness at trial. See Farrow Decl., ¶ 3. Therefore, the Court finds Defendants' delay in seeking to depose Plaintiff's counsel was reasonable. However, this Court is without authority to order discovery after the discovery cut-off set by the District Judge or to continue the discovery cut-off. See United States v. Celgene Corp., No. CV 10-3165 GHK (SS), 2015 WL 9661172, at *1 (C.D. Cal. Oct. 16, 2015) (holding a magistrate judge "does not have the authority to order discovery after the deadline set by the District Judge").

Accordingly, Defendants' Motion to compel the deposition of Plaintiff's counsel, Kevin H. Jang, is CONDITIONALLY GRANTED subject to the District Court granting an extension of the discovery cut-off.

## C. PLAINTIFF'S VERIZON PHONE RECORDS

### 1. Additional Background

On November 20, 2018, Defendants served Plaintiff with Request for Production, Set Two, No. 7, which states: "Please produce all telephone records reflecting calls made to/from (213) 605-2868 between February 1, 2015 through April 24, 2015." Farrow Decl., ¶ 22, Ex. N.

On December 21, 2018, Defendants filed the instant Motion seeking to compel a response to Request for Production, Set Two, No. 7. Dkt. 157, 158. On December 26, 2018, Plaintiff filed an Opposition stating service was not completed until November 28, 2018 and agreeing to respond by December 28, 2018. Dkt. 159.

### 2. Discussion

While there is a dispute about when Plaintiff was served, Plaintiff has agreed to serve a response to Request for Production, Set Two, No. 7 on December 28, 2018, which is 30 days after he returned to his office and first saw the Request for Production. Jang Decl., ¶ 23. The Court has no evidence that Plaintiff failed to serve a response on December 28, 2018. Hence, it appears Defendants' Motion to compel a response is premature.

Accordingly, Defendants' Motion to compel a response to Request for Production, Set Two, No. 7 is DENIED without prejudice.

**IT IS SO ORDERED.**