UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JANG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAGICOR LIFE INSURANCE COMPANY, ET AL.,<br><br>　　　　　Defendant.(s). | Case No. EDCV 17-1563-JGB (KKx)<br><br>--AMENDED--<br>MEMORANDUM AND ORDER GRANTING MOTION FOR RECONSIDERATION |

## I.

## **INTRODUCTION**

On December 21, 2018, Defendants[1] filed a Motion to Compel Plaintiff Daniel Jang ("Plaintiff") to produce Verizon cellular telephone records from February 1, 2015 through April 24, 2015 and, alternatively, for evidentiary sanctions ("Motion to Compel"). ECF Docket No. ("Dkt.") 157, Motion; Dkt. 158, Joinder. On January 3, 2019, the Court denied Defendants' Motion to Compel without prejudice as

---

[1] The Court herein refers to Life Insurance Company of the Southwest ("LSW"), National Life Group ("NLG"), National Life Holding Company ("NLH"), NLV Financial Corporation ("NLV Financial"), National Life Insurance Company ("National Life") collectively as the "National Defendants." The Court herein refers to Sagicor Life Insurance Company ("SLIC"), Sagicor Financial Corporation Limited ("Sagicor Financial"), Sagicor Life, Inc. ("Sagicor Life"), and Sagicor USA collectively as the "Sagicor Defendants." The National Defendants and Sagicor Defendants are collectively referred to herein as "Defendants."

premature. Dkt. 160. Defendants have now filed a Motion for Reconsideration of the January 3, 2018 Order ("Motion for Reconsideration"). Dkt. 174. For the reasons discussed below, Defendants' Motion for Reconsideration and Motion to Compel are GRANTED.

## II.

## **BACKGROUND**

On June 13, 2017, Plaintiff initiated the instant action by filing two cases in state court alleging bad faith rescission of life insurance policies. On August 3, 2017, the Sagicor Defendants removed the action against them to this Court. Dkt. 1. On August 7, 2017, the National Defendants removed the action against them to this Court. EDCV 17-1585-JGB (KKx), Dkt. 1. On November 9, 2017, the cases against the National and Sagicor Defendants were consolidated under the lead case number, EDCV 17-1563-JGB (KKx). Dkt. 42.

On November 27, 2017, the National Defendants filed an Answer. Dkt. 36. On December 13, 2017, the Sagicor Defendants filed an Answer. Dkt. 37.

On March 5, 2018, the Court held a scheduling conference and set a discovery cut-off of October 29, 2018 and a jury trial for March 5, 2019. Dkts. 39, 40.

On September 18, 2018, the Court granted in part Plaintiff's application to amend the Scheduling Order and continued the discovery cut-off to December 31, 2018, the dispositive motion hearing cut-off to March 11, 2019, and the jury trial to May 7, 2019. Dkt. 115.

On November 20, 2018, Defendants served Plaintiff with Request for Production, Set Two, No. 7, which states: "Please produce all telephone records reflecting calls made to/from (213) 605-2868 between February 1, 2015 through April 24, 2015." Dkt. 157-1, Declaration of Jeffrey D. Farrow in support of Motion to Compel ("Farrow MTC Decl."), ¶ 22, Ex. N.

On December 21, 2018, Defendants filed the Motion to Compel Plaintiff to produce Verizon cellular telephone records from February 1, 2015 through April 24,

2

2015 in response to Request for Production, Set Two, No.7, and, alternatively, for the following evidentiary sanctions:

> a. That Plaintiff cannot offer any evidence or testimony regarding his communications with his father between February 1, 2015 through April 24, 2015; and
>
> b. That the finder of fact will be instructed as follows: "On multiple occasions between February and April 2015, Daniel Jang telephoned a telephone number in South Korea that was in the name of a South Korean hospital."

Dkts. 157, 158. On December 26, 2018, Plaintiff filed an Opposition stating service had not been completed until November 28, 2018 and agreeing to respond by December 28, 2018. Dkt. 159. Hence, on January 3, 2019, the Court denied Defendants' Motion to Compel without prejudice as premature because of Plaintiff's representation that he would respond to the discovery request by December 28, 2018. Dkt. 160.

However, on January 7, 2019, Defendants' counsel had not yet received any response to Request for Production, Set Two, No. 7, and, therefore, sent Plaintiff's counsel an email requesting an emailed copy of the response. Dkt. 174-1, Declaration of Jeffrey D. Farrow in support of Motion for Reconsideration ("Farrow Decl."), ¶ 2, Ex. A. On the morning of January 8, 2019, Plaintiff's counsel responded to Defendants' counsel's January 7, 2019 email by stating he did not believe Defendants' claim to have not received a copy of the responses which were mailed "before" December 28, 2018 and requiring Defendants to "conduct [a] reasonable inquiry" before he would ask his assistant to re-send the responses. Id. ¶ 3, Ex. B. Defendants' counsel responded within fifteen minutes re-stating Defendants had not received the responses and again requesting that Plaintiff email them copies of the responses. Id. ¶ 4, Ex. C. In the evening of January 8, 2019, Plaintiff's counsel emailed Defendants' counsel stating the parties had not agreed to electronic service of

1  discovery and refusing to send email copies of the response to Request for
2  Production, Set Two, No. 7, but agreeing to have his assistant re-send the response
3  via US mail. Id. ¶¶ 5-6, Exs. D, E.

On January 14, 2019, Defendants' counsel emailed Plaintiff's counsel informing him Defendants still had not received a copy of the response to Request for Production, Set Two, No. 7 and again requesting an emailed copy of the response. Id. ¶ 8, Ex. G. Plaintiff did not respond.

Hence, on January 16, 2019, Defendants filed the instant Motion for Reconsideration of the January 3, 2018 Order accompanied by a declaration from Defendants' counsel stating Defendants still had not received a copy of the response to Request for Production, Set Two, No. 7. Dkt. 174; Farrow Decl, ¶ 9.

On January 23, 2019, Plaintiff filed an Opposition. Dkt. 178. Plaintiff attached to his Opposition declarations from Plaintiff's counsel (Dkt. 178-2), Plaintiff (Dkt. 178-3), and Plaintiff's counsel's assistant (Dkt. 178-4), along with a copy of a verification of Plaintiff's Response to Request for Production, Set Two, No. 7 signed by Plaintiff on December 26, 2018 (Dkt. 178-1, Ex. B) and a Proof of Service of Plaintiff's Response to Request for Production, Set Two, No. 7 signed by Plaintiff's counsel's assistant on December 28, 2018 (Dkt. 178-1, Ex. C). In the declaration of Plaintiff's counsel's assistant, Seoyoung Yang, Plaintiff states for the first time that on December 26, 2018, Plaintiff served a response to Request for Production, Set Two, No. 7 by U.S. mail.[2] Dkt. 178-4, Declaration of Seoyoung Yang ("Yang Decl."), ¶ 3, Ex. C.

On January 28, 2019, Defendants filed a Reply supported by a declaration from Defendants' counsel stating Defendants still have not received a copy of the response to Request for Production, Set Two, No. 7. Dkt. 180-1, Ex. B; Dkt. 180-1 Declaration of Jeffery Farrow ("Farrow Reply Decl."), ¶ 3.

---

[2] Notably missing from Plaintiff's Opposition is a copy of the actual response to Request for Production, Set Two, No. 7.

4

1    The matter thus stands submitted.

## III.

## DISCUSSION

**A.  MOTION FOR RECONSIDERATION**

    **1.  Applicable Law**

Pursuant to Local Rule 7-18:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

    **2.  Analysis**

Here, in denying Defendants' Motion to Compel, the Court relied on Plaintiff's representation that he would respond to Request for Production, Set Two by December 28, 2018 (and the logical inference that Defendants would receive a response shortly thereafter).  Defendants provide new material facts that could not have been known to them at the time of the Court's decision or occurred after the time of the Court's decision.  Specifically, Defendants still have not received a copy of Plaintiff's response.  Farrow Decl., ¶ 9; Farrow Reply Decl., ¶ 3.  In addition, Plaintiff has refused to email Defendants a copy of the response.

Hence, the Court finds reconsideration of the January 3, 2019 Order is appropriate and necessary and, therefore, grants Defendants' Motion for Reconsideration.

///

**B.      MOTION TO COMPEL**

**1.      Applicable Law**

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

**2.      Analysis**

Here, the information sought by Defendants in Request for Production, Set Two, No. 7 is highly relevant. Defendants seek Plaintiff's Verizon phone records for a short three-month period that would reflect whether Plaintiff had communication with his father and/or the South Korean Hospital during February 1 to April 24, 2015. Dkt. 174 at 9. Defendants argue such records are relevant to Plaintiff's claim that his father was never at any medical facility in South Korea. Id. Plaintiff does not

appear to dispute relevance and in fact implicitly concedes relevance by arguing the issue of whether he contacted his father during that period is case dispositive because it will prove Plaintiff's father received medical treatment in South Korea. Dkt. 178 at 16. Moreover, Plaintiff does not claim production would be burdensome, nor does the Court find it would be so.[3] The Court, therefore, finds Defendants have satisfied their burden to show production of the phone records is relevant and proportional to the needs of the case. See Fed. R. Civ. P. 26(b).

In light of the declaration presented by Plaintiff that he served a response, the Court cannot find Plaintiff has failed to respond at this time. However, Plaintiff's counsel's refusal to ensure Defendants receipt of the response is not well taken. Therefore, Plaintiff shall provide Defendants with a copy of the response to Request for Production, Set Two, No. 7, without objection and including all responsive documents, **by means to ensure** Defendants receive a copy **no later than 4:00 p.m. on Monday, February 25, 2019**.[4] Based on Plaintiff's claim to have served the responses on December 26, 2018, he should have no difficulty meeting this deadline. The Court strongly recommends email and/or personal service.[5]

## C. EVIDENTIARY SANCTIONS

### 1. Applicable Law

When a party fails to obey an order to provide or permit discovery, Federal Rule of Civil Procedure 37(b)(2)(A)(I) permits courts to issue an order "directing that the matters embraced in the order or other designated facts be taken as established for

---

[3] Plaintiff has waived all objections to Request for Production, Set Two. Plaintiff does not claim to have served objections, but rather a "response". See Dkt. 178-3, Declaration of Daniel Jang, ¶ 3, Ex. B. Moreover, Plaintiff's failure to object to the Request for Production, Set Two in his Opposition to Defendants' Motion to Compel or Motion for Reconsideration is construed as waiver of any objections. L.R. 7-12.

[4] The discovery cut-off is accordingly extended for this limited purpose.

[5] The Court recognizes that Defendants are interested in the metadata regarding when Plaintiff created the documents to prove Plaintiff has deceived the Court. Defendants argue in the Reply to the Motion for Reconsideration that Plaintiff has a history of backdating documents. At this time, however, the Court's focus is ensuring Defendants receive copies of critical documents to move this case towards resolution.

7

purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(I). Additionally, "[c]ourts are invested with inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditions disposition of cases." Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (internal quotation omitted). Those inherent powers include "the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." Id. (internal quotation and modification omitted).

To justify the imposition of case-dispositive sanctions, the Court must find that the discovery violations were due to "willfulness, bad faith, or fault of the party." Commodity Futures Trading Commission v. Noble Metals International, Inc., 67 F.3d 766, 770-71 (9th Cir. 1995), cert. denied, 519 U.S. 815, 117 S. Ct. 64, 136 L. Ed. 2d 26 (1996) (citations and internal quotations omitted); see also Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958). Disobedient conduct not outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault. Henry v. Gill Industries, Inc., 983 F.2d 943, 948-49 (9th Cir. 1993); see also Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (same). In evaluating the propriety of sanctions, the Court considers "all incidents of a party's misconduct." Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990), cert. denied, 498 U.S. 1109, 111 S. Ct. 1019, 112 L. Ed. 2d 1100 (1991) (citation omitted).

The Ninth Circuit has articulated a five-part test for evaluating whether a party's requested evidentiary sanctions are appropriate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995). ///

**2. Analysis**

In the event Plaintiff fails to comply with this Court's order regarding production set forth above, the Court finds evidentiary sanctions are appropriate. Although the declaration of Plaintiff's counsel's assistant, Seoyoung Yang, asserts Plaintiff served a response to Defendants' Request for Production, Set Two, on December 26, 2018, Yang Decl., ¶ 3, Ex. C, Defendants have not received a copy of the response. Farrow Decl., ¶ 9. Moreover, despite Defendants having informed Plaintiff on no less than three occasions that they have not received the responses and request for Plaintiff to email the responses, Plaintiff has refused to do so. Most recently Plaintiff failed to respond entirely to Defendants' January 14, 2019 communication.

Turning to the factors outlined by the Ninth Circuit, the first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of evidentiary sanctions. Plaintiff has needlessly delayed the action by refusing to ensure Defendants timely receive a copy of his response. Plaintiff's refusal to produce documents which clearly exist and failure to abide by this Court Order will prevent the expeditious resolution of litigation and hinders the Court's ability to move this case toward disposition. See Carson Cheng v. AIM Sports, Inc., No. CV10-3814-PSG (PLAx), 2011 WL 13175663, at *11 (C.D. Cal. Aug. 23, 2011) (granting evidentiary sanctions).

The third factor -- prejudice to Defendants -- also weighs in favor of evidentiary sanctions. The fact discovery cut-off was December 31, 2018 and the dispositive motion hearing cut-off is March 11, 2019. Dkt. 115. Plaintiff's refusal to comply with his discovery obligations prejudices Defendants' ability to defend this action and adequately prepare for trial. Id. (finding without the responsive documents, "Plaintiffs are prejudiced and will have difficulty preparing their case for trial").

1 | The fourth factor -- resolution of cases on their merits -- always weighs against
2 | default. See Dreith, 648 F.3d at 788. However, Plaintiff has been less than
3 | forthcoming with his production of documents in this case, to the detriment of
4 | Defendants, and at the risk of "interfer[ing] with the rightful decision of the case."
5 | Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). Therefore, on
6 | balance, the fourth factor weighs in favor of issuing evidentiary sanctions against
7 | Plaintiff. See Carson Cheng, 2011 WL 13175663, at *11.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of evidentiary sanctions. The record demonstrates Plaintiff has been given numerous opportunities to comply with its discovery obligations and produce the responsive records. In addition, the lesser sanction previously imposed by this Court on September 10, 2018 – payment of Defendants' reasonable expenses incurred in having to oppose thirteen Motions to Compel – has been ignored. Hence, there is no reason to believe that the imposition of lesser sanctions will be any more successful than in the past. See Carson Cheng, 2011 WL 13175663, at *11 (finding evidentiary sanctions were the appropriate next step consistent with the court's "progressive discipline" approach).

Finally, Plaintiff's refusal to serve the discovery response in a manner to ensure receipt by Defendants shows Plaintiff's discovery violation is due to "willfulness, bad faith, or fault of the party." Commodity Futures Trading Commission, 67 F.3d at 770-71; Henry, 983 F.2d at 948-49; Fair Hous. of Marin, 285 F.3d at 905.

Therefore, the Court finds the evidentiary sanctions proposed by Defendants, set forth below, will help to remedy some of the prejudice to Defendants caused by Plaintiff's failure to produce the documents responsive to Request for Production, Set Two, No. 7.

///
///
///

# IV.

# **ORDER**

IT IS THEREFORE ORDERED:

(1) Defendants' Motion for Reconsideration is GRANTED;

(2) Defendants' Motion to Compel is GRANTED; and

(3) (A) Plaintiff shall provide Defendants with a copy of the response to Request for Production, Set Two, No. 7, without objection and including all responsive documents, by means calculated to ensure Defendants receive a copy **no later than 4:00 p.m. on Monday, February 25, 2019**, and (B) if, by February 25, 2019 at 4:01 p.m., Plaintiff has not provided a copy of his response, including all telephone records responsive to the above request, the following evidentiary sanctions will automatically take effect:

> i. Plaintiff cannot offer any evidence or testimony regarding his communications with his father between February 1, 2015 through April 24, 2015; and
>
> ii. The finder of fact will be instructed as follows: "On multiple occasions between February and April 2015, Daniel Jang telephoned a telephone number in South Korea that was in the name of a South Korean hospital."

Dated: February 20, 2019

HONORABLE JESUS G. BERNAL
United States District Judge

Presented by:

_____
KENLY KIYA KATO
United States Magistrate Judge